OPINION
{¶ 1} Appellant, J.B., appeals from a judgment of the Montgomery County Juvenile Court finding him to be a delinquent child per R.C.2152.01(F)(1), by reason of having committed attempted grand theft of a motor vehicle, R.C. 2913.02(A)(1),(5) an offense that would be a fifth degree *Page 2 
felony if committed by an adult.
 {¶ 2} Graham Lawson lives on the eleventh floor of the Brookview Place apartment building at 4032 N. Main Street in Dayton. Around midnight on July 18, 2006, Lawson went out onto his balcony and observed a car pull into the parking lot. That car came to a stop in the back corner of the lot, next to a large van. The driver did not get out, but three passengers did. Two wore white shirts and one wore a dark shirt. All three began walking through the parking lot, looking inside the cars parked there. The two people wearing white shirts stayed together, and they began looking inside cars parked directly in front of the building. At that point Lawson called the police.
 {¶ 3} Montgomery County Sheriff's deputies Douglas Phillips and Grafton Bowersox responded to the call. They stopped the two men in white shirts, J.B. and Chris Hinton, as they were walking away from the cars parked directly in front of the building. Upon further investigation, the deputies discovered that a Buick LeSabre in that area of the lot had been broken into. The opera window was broken out and the steering column was partially peeled. A bent screwdriver was found on the ground next to the Buick, which was parked in the same area where Lawson had observed the two men in white *Page 3 
shirts looking into cars. One of the deputies observed small particles of glass on Hinton's arm.
 {¶ 4} A complaint was filed in Montgomery County Juvenile Court alleging that seventeen year old J.B. was a delinquent child by reason of having committed attempted grand theft auto. At the adjudicatory hearing, the parties stipulated that the owner of the Buick LeSabre did not give J.B. or anyone else permission to enter his vehicle. Chris Hinton who pled guilty to attempted grand theft auto as a result of this incident testified on J.B.'s behalf that he alone broke into the Buick LeSabre, and that J.B. had no prior knowledge of Hinton's intentions. Hinton added that J.B. did not participate in the attempted theft and actually began to walk away once he realized what Hinton was doing.
 {¶ 5} At the conclusion of the hearing the magistrate decided that the evidence was sufficient to find that J.B. was delinquent by reason of having committed the attempted grand theft auto offense in that J.B. acted as an accomplice. The magistrate ordered J.B. committed to the Department of Youth Services for a minimum period of six months and maximum period not to exceed J.B.'s twenty-first birthday.
 {¶ 6} J.B. filed timely objections to the magistrate's decision, claiming that his delinquency adjudication was not *Page 4 
supported by legally sufficient evidence and was against the manifest weight of the evidence. The juvenile court overruled J.B.'s objections and adopted the decision of the magistrate.
 {¶ 7} J.B. timely appealed to this court from his delinquency adjudication.
FIRST ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE IN FINDING HIM RESPONSIBLE FOR AN OFFENSE ABSENT SUFFICIENT EVIDENCE OF HIS GUILT AND CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} J.B. argues that his delinquency adjudication based upon having committed attempted grand theft of a motor vehicle is not supported by legally sufficient evidence and is against the manifest weight of the evidence because there is no evidence that he, as opposed to his co-defendant Chris Hinton, participated in breaking into the Buick LeSabre, or that J.B. had any prior knowledge that such an offense was going to take place.
 {¶ 10} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380. The proper test to apply to such *Page 5 
an inquiry is the one set forth in paragraph two of the syllabus ofState v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 11} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 12} RC. 2152.01(F) defines a delinquent child to include any child, except a traffic offender, who violates any law that would be an offense if committed by an adult. The juvenile court found J.B. responsible as an accomplice for attempted grand theft of a motor vehicle.
 {¶ 13} R.C. 2923.02(A) provides:
 {¶ 14} "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 15} R.C. 2913.02(A)(1) provides:
 {¶ 16} "No person, with purpose to deprive the owner of *Page 6 
property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 17} "(1) Without the consent of the owner or person authorized to give consent.
 {¶ 18} "* * *
 {¶ 19} "(5) If the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree."
 {¶ 20} "Purposely" and "knowingly" are defined in R.C. 2901.22:
 {¶ 21} "(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.
 {¶ 22} "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 23} Ohio's complicity statue, R.C. 2923.03, provides, in *Page 7 
relevant part:
 {¶ 24} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 25} "* * *
 {¶ 26} "(2) Aid or abet another in committing the offense."
 {¶ 27} A person may be convicted of complicity in an attempt to commit an offense. R.C. 2923.03(C). Whoever aids and abets another person in the commission of a crime is guilty of complicity and shall be prosecuted and punished as if he were the principal offender. R.C.2923.03(F). Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed. State v. Johnson, 93 Ohio St.3d 240, 2001-Ohio-1336. To support a conviction for complicity by aiding and abetting, the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal which may be inferred from the circumstances surrounding the crime.Id.
 {¶ 28} J.B. argues that his delinquency adjudication is not supported by legally sufficient evidence because there is no *Page 8 
testimonial or physical evidence to connect him to the Buick LeSabre that was broken into. According to J.B., the evidence in this case shows nothing more than the fact that Chris Hinton broke into the Buick LeSabre and J.B. happened to be with Hinton at the time in the parking lot where the offense occurred as an innocent bystander.
 {¶ 29} Although the case against J.B. is circumstantial in nature, circumstantial evidence and direct evidence possess the same probative value, and therefore circumstantial evidence, like direct evidence, can support a finding of proof beyond a reasonable doubt if the trier of facts so finds. State v. Jenks, supra. Circumstantial evidence is proof of one fact, from which the existence of another reasonably may be inferred. Moreover, circumstantial evidence does not have to be irreconcilable with any reasonable theory of innocence. Id.
 {¶ 30} The evidence presented in this case demonstrates that J.B. was one of three men who, along with Chris Hinton, exited a vehicle that pulled into the parking lot of this apartment building around midnight. That car parked in a remote location in the lot. From his eleventh floor balcony, Graham Lawson observed all three men walking through the parking lot, looking inside parked cars. J.B. walked along *Page 9 
with Chris Hinton, and both men were observed by Lawson and the police in the same area where the Buick LeSabre that was broken into was parked. Hinton admitted responsibility for breaking into that vehicle.
 {¶ 31} Viewing the totality of this evidence in a light most favorable to the State, we find that it is sufficient to give rise to a reasonable inference that J.B. aided and abetted Hinton in attempting to steal the Buick LeSabre. Therefore, a rational trier of facts could find J.B. guilty beyond a reasonable doubt of attempted grand theft of a motor vehicle. J.B.'s delinquency adjudication is supported by legally sufficient evidence.
 {¶ 32} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 33} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created *Page 10 
such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v. Thompkins,supra.
 {¶ 34} In order to find that a manifest miscarriage occurred, an appellate court must conclude that a guilty verdict is "against," that is, contrary to, the manifest weight of the evidence presented. See,State v. McDaniel (May 1, 1998), Montgomery App. No. 16221. The fact that the evidence is subject to different interpretations on the matter of guilt or innocence does not rise to that level.
 {¶ 35} Chris Hinton, who pled guilty and admitted responsibility for breaking into and attempting to steal the Buick LeSabre, testified on J.B.'s behalf at the adjudicatory hearing. Hinton testified that he alone broke into the vehicle, that J.B. had nothing to do with it, and in fact walked away when he realized what Hinton was doing, and that J.B. had no prior knowledge that Hinton intended to steal a car because Hinton never told J.B. what he wanted to do. However, Graham Lawson observed that J.B. stayed with Chris Hinton, and when police arrived on the scene they observed both Hinton and J.B. in the exact area where the Buick LeSabre that was broken into was parked.
 {¶ 36} The credibility of the witnesses and the weight to *Page 11 
be given to their testimony were matters for the trier of facts to decide. DeHass, supra. The trier of facts did not lose its way simply because it chose not to believe Hinton's testimony that J.B. had nothing to do with the attempted theft of this vehicle and was merely "along for the ride" that night. Reviewing this entire record we cannot say that the evidence weighs heavily against a conviction, the trier of facts lost its way, or that a manifest miscarriage of justice has occurred. J.B.'s delinquency adjudication is not against the manifest weight of the evidence.
 {¶ 37} The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. And DONOVAN, J., concur.
Copies mailed to:
R. Lynn Nothstine, Esq.
James C. Staton, Esq.
Magistrate Will Cox
 Hon. Anthony Capizzi *Page 1